# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1859

_____

|                                              |     |                                  |
|----------------------------------------------|-----|----------------------------------|
| Pamela Steed,                                | *   |                                  |
|                                              | *   |                                  |
|     Appellant,            | *   |                                  |
|                                              | *   | Appeal from the United States    |
|     v.                     | *   | District Court for the Eastern   |
|                                              | *   | District of Arkansas.            |
| Michael J. Astrue,                           | *   |                                  |
| Commissioner, Social Security                | *   |                                  |
| Administration,                              | *   |                                  |
|                                              | *   |                                  |
|     Appellee.             | *   |                                  |

_____

Submitted: January 18, 2008
Filed: May 6, 2008

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

Pamela Steed appeals the district court's[1] order affirming the Commissioner's denial of social security disability and supplemental security income benefits. We affirm.

---

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

## I.    BACKGROUND

At the time of her hearing in June 2005 before the Administrative Law Judge (ALJ), Steed was a thirty-two-year-old woman with a high school diploma and one semester of college.  Her past relevant work was as a cashier, switchboard operator and an appointment secretary.  She alleged she was disabled, beginning March 1999, due to headaches, numbness, and back pain (scoliosis and herniated discs).  At the time of the hearing, she also alleged disability due to residuals from a stroke she suffered in July 2004 which affected her vision, memory and balance.[2]  She regularly took pain medication for these conditions.  She testified that she was able to bathe and dress herself and take care of her personal hygiene.  She also fixed breakfast for her eight-year-old daughter and took her to school each morning.  She reported that she did light housework such as dusting and loading the dishwasher, laundry with the help of her husband, and some cooking.

Steed also presented medical evidence dating from April 1998 through April 2005 detailing her various examinations, diagnostic tests, and procedures for the above-mentioned conditions.  The doctor who performed a residual functional capacity (RFC) assessment in February 2004 opined that she could lift twenty pounds occasionally, ten pounds frequently, stand or walk for six hours out of an eight-hour day, and sit for about six hours in an eight-hour workday.

In a written decision, the ALJ found that Steed had the RFC to perform light work, which encompassed her past relevant work, and she was therefore not disabled.  In making this determination, the ALJ discounted Steed's subjective complaints of

---

[2]Steed's date last insured for purposes of Disability Insurance Benefits is June 30, 2002.  However, she also qualifies for supplemental security income benefits if she can establish that she is disabled, regardless of her insured status.  Accordingly, in evaluating her claim, we consider all of the medical evidence and her disability status at the time of the hearing before the ALJ.

pain, finding that the objective medical evidence did not support the extent of her reported limitations and allegations of pain. The district court affirmed the ALJ's decision. Steed appeals, arguing the ALJ's decision was not supported by substantial evidence in the record as a whole and that the ALJ erred in discounting her credibility.

## II.    DISCUSSION

Our de novo review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole. Raney v. Barnhart, 396 F.3d 1007, 1009 (8th Cir. 2005). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). We may not reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004).

The ALJ employed our five-step test[3] and found at step four that Steed's RFC included light work, which included her past relevant work. In so finding, the ALJ relied upon its conclusion that the extent of Steed's subjective complaints of pain were not supported by the objective medical evidence. In particular, the ALJ found that despite a series of diagnostic tests on her back, the results "have been normal but for mild degenerative changes." And despite Steed's stroke diagnosis, the ALJ noted that

---

[3]The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment is or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Hepp v. Astrue, 511 F.3d 798, 803 n.4 (8th Cir. 2008). Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform. Snead v. Barnhart, 360 F.3d 834, 836 (8th Cir. 2004).

her post-stroke exams were normal, including the fact that her neurologist found her speech, memory, attention, concentration and vision to be normal. The ALJ also found that Steed's daily activities of caring for her child, performing housework, cooking and driving were inconsistent with her complaints of disabling pain. Based on these findings, the ALJ cited and reviewed Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984),[4] and found that Steed was not fully credible.

"Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007). We find that substantial evidence supports the ALJ's conclusion that Steed can perform light work and that Steed suffered only mild degenerative changes to her back condition. Even where Steed's diagnostic tests showed actual disc herniation or bulging, the diagnosis is tempered in several instances in the medical records by the words "mild" or "minimal" regarding either the herniation, or its effects.

For instance, in February 2003, a CT scan of her cervical spine revealed a "mild" disc bulge at C2-C3, and "minimal" bulging at C3-C4. In both instances, there was no nerve involvement. In August 2003, a CT scan revealed an L5-S1 herniation marked by "mild effacement of the thecal sac" but without nerve root displacement, and "[m]ild non-discogenic degenerative change." In October 2003, after an epidural injection, Steed obtained an MRI, which showed a "minimal central disc bulge" at L5-S1, but again, no nerve root displacement was identified. In December 2004, following a car accident, Steed was examined in the emergency room. Her diagnostic tests showed a "narrowing" at L5-S1, and "mild scoliotic curvature." In February

---

[4]In Polaski, we held that when evaluating a claimant's credibility, in addition to considering the absence of objective medical evidence to support complaints of pain, an ALJ should consider a claimant's reported daily activities, the duration, frequency and intensity of his or her pain, precipitating and aggravating factors, medication, and functional restrictions. 739 F.2d at 1322.

2005, Steed asked for admission to a hospital for inpatient pain control and an MRI. Again, the MRI showed a "minimal" disc bulge, that did not compress any nerves or cause any spinal stenosis.

With regard to her 2004 stroke and the residual symptoms, the ALJ correctly noted that at a September 2004 examination by a neurologist, Steed reported no vision loss, weakness, or numbness. The neurologist performed stroke labs which, the ALJ correctly noted, returned as "normal." This neurologist suggested that she return in six months for further recommendations, but the ALJ again correctly noted that there is no evidence Steed returned to this particular doctor again. It is true that Steed has received a lot of medical treatment for her back, including epidural injections, and that she regularly takes pain medication. But we cannot say that the ALJ's conclusions are not supported by substantial evidence in the record as a whole.[5] The medical evidence does show mild degenerative changes in Steed's back. And it is also true that her neurological exams following the 2004 stroke have been within normal ranges. Furthermore, her neurologist reported that her post-stroke memory, speech, attention, and concentration were normal, and there were no complaints to this doctor about loss of vision.

Steed admits that the medical evidence is "silent" with regard to work-related restrictions such as the length of time she can sit, stand and walk and the amount of weight she can carry. Steed argues that it is not uncommon for doctors not to provide work limitations unless asked to do so. We note, however, that it is Steed's burden to prove at step four that she cannot perform her past relevant work. Snead v. Barnhart, 360 F.3d 834, 836 (8th Cir. 2004). At the very least, the claimant's failure to provide

_____

[5]The ALJ did incorrectly state that Steed had not even been prescribed a wrist splint for her carpal tunnel symptoms. As Steed points out in her brief, she was in fact prescribed a wrist splint. However, we find that this misstatement is not material enough to detract from our finding that substantial evidence in the record supports the ALJ's decision.

medical evidence with this information should not be held against the ALJ when there *is* medical evidence that supports the ALJ's decision. E.g., Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005) (holding that an ALJ is not required to seek additional clarifying medical evidence unless a crucial issue is undeveloped). It is hard to imagine a more developed medical record than the one we find in this case. Accordingly, the ALJ did not err in its evaluation of the medical evidence or its conclusion that the claimant can perform her past relevant work.

Next, we find that the ALJ did not err in discounting Steed's credibility. As previously noted, the ALJ's conclusion that Steed's medical evidence did not support the extent of her reported limitations is supported by substantial evidence. There is also substantial evidence for the ALJ's observation that Steed's reported daily activities were inconsistent with her self-reported limitations. Steed reported that she could only stand for fifteen minutes, sit for one to two hours, and lift a half gallon of milk. However, Steed also reported that she could perform housework, take care of her child, cook, and drive. Under Polaski, the ALJ is required to adequately explain his credibility findings. The ALJ is not required to "discuss methodically each Polaski consideration, so long as he acknowledged and examined those considerations before discounting [Steed's] subjective complaints." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). The ALJ in this case correctly dispatched his Polaski credibility duties. See Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006) (holding that where adequately supported, credibility findings are for the ALJ to make).

This case illustrates the importance of our standard of review in social security disability cases. While there is a significant amount of medical evidence in the record, it appears that substantial evidence would support both the ALJ's conclusion that Steed was not credible, and Steed's argument to the contrary. However, the ALJ was able to observe Steed during her testimony at the hearing, and this, in addition to the voluminous medical evidence, convinced the ALJ that she was not fully credible and could perform light work. The ALJ is in the best position to make this determination,

Ramirez v. Barnhart, 292 F.3d 576, 581 (8th Cir. 2002), and we cannot say the ALJ erred in doing so.

## III.    CONCLUSION

We affirm the judgment of the district court.

_____