# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1985

_____

Timothy C. Vossen,                           *
                                             *
           Plaintiff - Appellant,            *
                                             *   Appeal from the United States
    v.                                       *   District Court for the
                                             *   District of Minnesota.
Michael J. Astrue, Commissioner of           *
Social Security,                             *
                                             *
           Defendant - Appellee.             *

_____

Submitted:  March 11, 2010
    Filed:  July 16, 2010

_____

Before RILEY, Chief Judge,[1] BRIGHT, and WOLLMAN, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Appellant Timothy C. Vossen challenges an administrative law judge's (ALJ) determination that he is ineligible for social security disability benefits. Vossen argues the ALJ erred (1) in concluding Vossen's impairments did not meet or equal listing 1.04A; (2) in declining to give controlling weight to Vossen's treating physician; (3) by not seeking additional information from a consulting physician; and (4) by improperly evaluating his credibility. We reverse and remand.

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

I.    Background

Vossen suffered injuries in a July 2002 motor vehicle accident in which both of his knees went through the dash of his automobile.  In September 2002 he applied for disability benefits.  This application was denied, and Vossen filed a second application.  After his second application was denied reconsideration, Vossen timely requested a hearing and review by an ALJ.

At the time of the June 2005 administrative hearing, Vossen was married, had an eleven-year-old son, and had not worked since the accident.  Vossen does not have a high school diploma or a GED.  He worked primarily as a construction laborer in the fifteen years before the automobile accident.  At the hearing, the ALJ heard testimony from Vossen, a non-examining medical expert, and a vocational expert.  The ALJ also received medical records from Vossen's treating physicians, his chiropractor, and a report from the Commissioner's consultative physician who examined Vossen for the purpose of determining his residual functional capacity (RFC).  Vossen's treating physicians believed him unable to work.

The ALJ gave the greatest weight to the opinions of the non-examining medical expert, Dr. Steiner, who disagreed with the opinions of Vossen's treating physicians and with the consultative physician's assessment of Vossen's RFC.

Dr. Anderson treated Vossen for almost three years (September 2002 through July 2005) during which he opined on several occasions that Vossen was "disabled" and could not engage in substantial gainful employment.  The ALJ acknowledged that ordinarily the opinion of a claimant's treating physician is entitled to controlling weight.  But the ALJ determined that Dr. Anderson's opinions were not entitled to controlling weight because the opinions were inconsistent with Vossen's overall course of medical treatment and because Dr. Steiner pointed out conflicts he perceived in the medical record.

Dr. Holte is an orthopedic spine surgeon who treated Vossen after a referral from Dr. Anderson. In March 2004, after over one year of treating Vossen, Dr. Holte concluded "[i]t is my opinion that Mr. Vossen is totally disabled. He is probably totally permanently disabled." The ALJ declined to give great weight to Dr. Holte's opinion, finding it based primarily on Vossen's subjective assertions of pain rather than objective medical evidence.

The ALJ also considered the opinion of Vossen's treating chiropractor, Dr. Copp, who reported that Vossen was disabled since the automobile accident. But because Dr. Copp is a chiropractor, the ALJ declined to give Dr. Copp's opinion weight as a medical opinion. However, the ALJ considered it as "other source" evidence under 20 C.F.R. § 404.1513.

Finally, the ALJ gave less weight to the opinion of the Commissioner's own consultative physician, Dr. Johnson, who examined Vossen in March 2005. Dr. Johnson concluded Vossen "cannot stand or walk for long periods." Dr. Johnson limited Vossen to sitting less than six hours per day and standing less than two hours per day.

The ALJ, however, adopted the opinion of Dr. Steiner, who testified that Vossen was capable of sitting six hours in an eight-hour day and capable of standing two hours in an eight-hour day. The ALJ did so because the second page of Dr. Johnson's report containing the above-described limitations was not signed and appeared to have been submitted after his original statement. In other words, the ALJ questioned the authenticity of Dr. Johnson's opinion regarding Vossen's ability to sit and stand during a normal workday.

Following the hearing, the ALJ issued a decision following the five-step process for evaluating disability claims set forth in 20 C.F.R. § 404.1520(a). At the first step, the ALJ determined that Vossen had not engaged in substantial gainful activity since

his alleged disability onset date (the 2002 automobile accident). At the second step, the ALJ determined that Vossen had several severe impairments: chronic pain syndrome resulting from the motor vehicle accident; cervical strain/sprain; degenerative disc disease of the lumbar spine; thoracic outlet syndrome; degenerative disc disease of the right knee; chronic MCL injury of the right knee; and muscular contracture headache. The ALJ found that these conditions were medically established and would more than minimally affect Vossen's ability to work.

But at the third step, the ALJ determined that Vossen's severe impairments did not meet or equal a listed impairment.[2] The ALJ then considered Vossen's RFC. Based on the testimony of Dr. Steiner, and the testimony of the vocational expert, the ALJ concluded that Vossen could not perform his past relevant work as a construction laborer but could perform other substantial gainful activity.

Accordingly, the ALJ found Vossen not disabled. Vossen sought judicial review of the ALJ's determination, and this appeal follows the district court's grant of summary judgment in favor of the Commissioner.

II.     Discussion

"Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). We consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that

_____

[2]If the ALJ had concluded Vossen's impairments met or equaled a listed impairment for the duration requirement, Vossen would be disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iii).

would have supported a contrary outcome." *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A.    Listing 1.04A

Vossen argues that the ALJ misapplied the "treating physician rule" and improperly deferred to the opinion of Dr. Steiner. These errors, contends Vossen, resulted in the improper conclusion that Vossen's impairments did not meet or equal listed impairment 1.04A. We disagree.

Listing 1.04A requires evidence "of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

Vossen directs us to medical records showing nerve root compression, a mild disc dessication, and a paracentral disc herniation. But our review is not whether substantial evidence exists to reverse the ALJ. *See Young*, 221 F.3d at 1068. Rather we ask whether substantial evidence supports the ALJ's decision. *Id.* Here, the ALJ relied on Dr. Steiner's testimony that Vossen's medical records did not show the documented neurological loss required by the listing. The ALJ also noted that an MRI from April 2003 showed no superimposed disc herniation, central or lateral canal stenosis, or cord or nerve root impingement. And the ALJ observed that a July 2003 neurological examination described Vossen as "normal." We also note that Vossen's straight-leg raising test performed in 2004 by Dr. Holte was negative. On this record, substantial evidence supports the ALJ's conclusion that Vossen's severe impairments did not meet or equal listing 1.04A.

B.    Residual Functional Capacity

Social security regulations provide that where a claimant's impairments do not meet or equal a listed impairment, the Commissioner will then consider the claimant's RFC.  20 C.F.R. § 404.1520(a)(4)(iv).  A claimant's RFC is what the claimant can do despite his or her limitations.  *Id.* § 404.1545(a).  Vossen argues the ALJ committed two errors in determining his RFC.

1.    Controlling weight

Vossen first argues that the ALJ erred by not giving controlling weight to Dr. Anderson's opinion that his impairments precluded employment.  We disagree.  This argument fails because opinions that a claimant is "disabled" or "unable to work" concern issues reserved to the Commissioner and are not the type of opinions which receive controlling weight.  *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *see also* S.S.R. 96-5p (July 2, 1996) (giving such opinions controlling weight would "in effect, confer upon the treating source the authority to make" disability determinations).

2.    Duty to develop record

Vossen next argues that the ALJ erred in giving less weight to the opinion of Dr. Johnson on the ground that a portion of the doctor's report was not authentic.  He contends that to the extent the ALJ questioned the authenticity of Dr. Johnson's report, the ALJ should have contacted Dr. Johnson for clarification.  We agree.

"Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004).  However, the burden of persuasion to prove disability and demonstrate RFC remains on the claimant.  *Stormo*

*v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The ALJ does not "have to seek additional clarifying statements from a treating physician unless a *crucial issue* is undeveloped." *Id.* (emphasis added) (citing *Snead*, 360 F.3d at 839).

The Commissioner cites *Stormo* for support that the ALJ here had no duty to develop the record. In *Stormo*, we determined that no crucial issue was undeveloped where the record contained detailed clinical data and observations about the claimant's limitations. 377 F.3d at 806. Thus we rejected the claimant's argument that to the extent his treating physician's opinions were unclear or lacked foundation, the ALJ was "duty-bound" to further develop the record. *Id.*

Although the record here is substantial, this case differs from *Stormo* because here the ALJ questioned the authenticity of the data and observations that specifically addressed Vossen's RFC. This case concerns not a question of clarity, but of authenticity. The portion of Dr. Johnson's report rejected by the ALJ specifically addressed Vossen's standing and sitting limitations – and appears to support Vossen's claim. And the ALJ, rather than determine the authenticity of the report by the Commissioner's physician, relied on the opinion of a non-treating, non-examining physician. The opinions of such a physician "do not normally constitute substantial evidence on the record as a whole." *Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir. 2003).

In *Snead*, this court reversed and remanded for further development of the "crucial issue" of the claimant's cardiomyopathy, which would assist the ALJ in determining whether a physician's opinion deserved controlling weight. 360 F.3d at 839. The lack of development on this issue strained our confidence in the "reliability of the RFC upon which the ALJ based his decision." *Id.*

Likewise here, remand for further development of Vossen's RFC and the authenticity of Dr. Johnson's report would assist the ALJ in resolving the apparent

-7-

conflict between Drs. Johnson and Steiner. The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). As previously noted, "[t]he opinions of non-treating practitioners who have attempted to evaluate the claimant without examination do not normally constitute substantial evidence on the record as a whole." *Shontos*, 328 F.3d at 427. Certainly, there are circumstances in which relying on a non-treating physician's opinion is proper. But here, the primary reason for doing so was the suspected inauthenticity of Dr. Johnson's assessment of Vossen's sitting and standing limitations. This assessment went to the crucial issue of Vossen's RFC. On remand, should Dr. Johnson's assessment prove authentic, the ALJ must weigh the opinion and evidence of the consultative physician against the opinion of Dr. Steiner, the non-treating medical expert.

Additionally, the authenticity of the report, if established, may affect the weight given to the opinions of Drs. Anderson and Holte that supported a finding of disability. "The opinion of a treating physician is accorded special deference under the social security regulations." *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Such an opinion is "normally entitled to great weight." *Id.* at 1013 (citation omitted). Here, as we have observed, the ALJ relied on the opinion of Dr. Steiner over that of Vossen's treating physicians and that of the Commissioner's own consultative physician. On remand, the ALJ should reconsider the weight given to the opinions of Vossen's treating physicians.

C.  Credibility

Vossen argues that the ALJ improperly evaluated his credibility. He contends that the ALJ improperly discredited his testimony based on his performance of minor activities of daily living. We disagree.

"The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). Credibility determinations are made utilizing the factors enumerated in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984). *See Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991). Here, the record establishes that the ALJ considered the *Polaski* factors and sufficiently explained how the evidence supported its credibility assessment.

III.    Conclusion

The authenticity of Dr. Johnson's report addresses the crucial issue of Vossen's RFC. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____