# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3674

_____

Matthew David Miller,         *
                                    *

           Appellant,           *

                                    *     Appeal from the United States

      v.                          *     District Court for the

                                    *     Western District of Missouri.

Michael J. Astrue, Commissioner of     *

Social Security,                    *           [UNPUBLISHED]

                                    *

           Appellee.            *

_____

Submitted: November 15, 2010
Filed: November 29, 2010

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Matthew David Miller appeals the district court's[1] order affirming the Commissioner of Social Security's denial of supplemental security income benefits. Miller alleged that he was disabled due to a combination of severe impairments including migraine headaches, depression, anxiety, and degenerative disc disease. After a hearing, an administrative law judge (ALJ) found that Miller was severely

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

impaired by headaches, back problems, and substance dependence. The ALJ found that Miller's depression and anxiety were not severe. According to the ALJ, none of Miller's ailments equaled one of the "listed" impairments of the administrative regulations. See 20 C.F.R § 416.920(d). The ALJ found Miller's health-related complaints, both in the medical record and at the hearing, to be unsupported by medical evidence and not credible. Based on that credibility determination and other record evidence, the ALJ found that Miller possessed the residual functional capacity (RFC) to perform sedentary work with some explicit limitations. After finding that Miller had performed no past relevant work, the ALJ questioned a vocational expert (VE) as to whether Miller could perform any jobs existing in the national economy. Based on the vocational expert's responses to hypothetical questions, the ALJ found that Miller was not disabled and held that he was not entitled to benefits. The appeals council denied review, and the district court affirmed. Our careful review of the record and Miller's arguments on appeal dictate that we also must affirm.

Miller first argues that the ALJ improperly weighed the medical evidence, ignoring evidence from four physicians. We note that the ALJ's choice not to cite a given piece of evidence does not indicate that the evidence was not considered, Wildman v. Astrue, 596 F.3d 959, 966 (8th Cir. 2010), we decline Miller's apparent invitation to re-weigh the evidence, and we limit our review to whether the ALJ's findings are supported by substantial evidence. We review *de novo* the district court's holding on that question, and we affirm if the record as a whole reflects that the ALJ's findings are supported by substantial evidence. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

Miller argues that the ALJ's RFC finding is not supported by substantial evidence in the record, and he more specifically complains that the RFC finding is supported by absolutely no medical evidence. Although Miller is correct that an RFC determination must be supported by at least some medical evidence, Masterson v.

Barnhart, 363 F.3d 731, 738 (8th Cir. 2004), he overlooks both medical and non-medical record evidence supporting the ALJ's RFC finding.

As a preliminary matter, the ALJ engaged in a detailed analysis of the credibility of Miller's subjective complaints and found the complaints to be not fully credible. This court routinely defers to an ALJ's credibility finding where it is explained in the decision and supported by the record. Vossen v. Astrue, 612 F.3d 1011, 1017 (8th Cir. 2010). The ALJ relied on record evidence pertinent to numerous permissible factors weighing against Miller's credibility, including Miller's meager work history and possible motivation to stay home to care for his child rather than to work. See Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001) ("A lack of work history may indicate a lack of motivation to work rather than a lack of ability."). The ALJ also detailed Miller's daily activities, including caring for a young child and performing household chores and found them to be inconsistent with Miller's complaints. See Young v. Apfel, 221 F.3d 1065, 1069 (8th Cir. 2000). Importantly, objective medical evidence—including physicians' observations of Miller's psychological and physical functioning during numerous examinations—contradicts Miller's descriptions of the severity of his putative impairments. Finally, Miller's history of substance abuse combines with the circumstances of Miller's repeated trips to the emergency room demanding pain medication to support the ALJ's finding of drug-seeking behavior. Thus, the ALJ's credibility determination was supported by substantial evidence.

In addition to his subjective complaints, Miller cites some medical evidence in the record that detracts from the ALJ's view of Miller's RFC. Much of that evidence, however, was based on Miller's subjective complaints made to physicians and was contradicted by other objective medical evidence; for that reason, the ALJ was entitled to discredit it. See Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007). Various medical professionals made observations regarding Miller's physical and mental condition at the time of examinations that indicated a functional capacity to work.

Thus, it cannot be said that the ALJ's finding is entirely unsupported by medical evidence. At the same time, the ALJ's RFC finding was supported by evidence of Miller's activities of daily living.

Miller also argues that the ALJ erred by not finding his depression and anxiety to be severe impairments. In the alternative, he argues that the ALJ should have further developed the record on this issue. Although "severity" is not an onerous burden, we hold that the evidence summarized above supporting the ALJ's RFC finding is adequate to support the ALJ's finding regarding the severity of Miller's mental impairments. See Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) (rejecting argument that ALJ failed to develop record where no unfairness or prejudice shown).

Finally, Miller argues that the ALJ's finding is not supported by substantial evidence because it was based upon the VE's response to faulty hypothetical questioning. Miller argues that the hypothetical questions did not incorporate adequate restrictions because the ALJ erred in calculating Miller's RFC. As explained above, the RFC finding in this case is supported by substantial evidence. That RFC is adequately reflected in the ALJ's questioning of the VE, describing a hypothetical individual capable of only sedentary work with certain additional limitations. Importantly, these limitations included the option to sit or stand as necessary. We have thoroughly considered each of Miller's arguments and have found the record adequately developed to support each of the ALJ's findings.

Accordingly, the judgment of the district court is affirmed.

_____