# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1934
_____

Scott M. Halley

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal

_____

Submitted: January 10, 2023
Filed: May 18, 2023
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

An administrative law judge denied social-security benefits to Scott Halley, who suffers from heart issues and migraine headaches. The district court[1] affirmed, and so do we.

_____

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

Halley's health problems began in 2017, when he suffered a heart attack, followed by a brain bleed that required multiple surgeries. His current complaints include "constant" light-induced migraine headaches and "continuous" chest pain "on a daily basis." According to him, these conditions are disabling because he needs to "lie[] down 10-12 hours a day" and has become "dependent on other people."

The administrative law judge viewed the evidence differently. Halley had "some limitations," to be sure, but they were not enough to take him out of the workforce. *See* 42 U.S.C. § 1382c(a)(3)(A) (defining "disability," as relevant here, as an inability to work because of a "physical or mental impairment"); *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). Key to this finding were the answers to a series of hypothetical questions posed to a vocational expert, who testified that Halley could still work as a short-order cook or salad maker. As long as there has been "no legal error," and "substantial evidence" supports the decision to deny benefits, we will affirm. *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted).

Halley's position is that the administrative law judge made a mistake by disregarding his testimony. What the decision says, however, is that, although Halley has "some limitations," the "entire record" is inconsistent with anything more. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006); 20 C.F.R. §§ 404.1529, 416.929. It then gave reasons why. Among them were his "largely normal" scans and physical exams since 2017. *See Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008) (affirming the denial of disability benefits, in part, because diagnostic tests and exams came back "normal" or showed "minimal" problems). Not to mention that his headaches were "conservatively managed," and he only took his heart medication occasionally. *See Lawrence v. Saul*, 970 F.3d 989, 996 (8th Cir. 2020) (noting that a "generally conservative treatment" plan supported a finding that the claimant could perform sedentary work).

Other evidence contradicted Halley's account too. Activities like "car[ing] for his disabled wife" or "cleaning the bathroom[]" were "inconsistent with his complaints of disabling pain," *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999). *See Ponder v. Colvin*, 770 F.3d 1190, 1195–96 (8th Cir. 2014) (per curiam) (stating that "wash[ing] dishes" and "shop[ping] for groceries" served to "undermine[ the] assertion of total disability"). Trying to reconcile the evidence and resolve inconsistencies is exactly what we ask factfinders to do. *See Davis v. Apfel*, 239 F.3d 962, 968 (8th Cir. 2001) ("Subjective complaints may be discounted if there are inconsistencies in the record as a whole . . . ." (quotation marks omitted)).

The findings then become the ingredients for the hypothetical questions posed to the vocational expert. *See Perkins v. Astrue*, 648 F.3d 892, 902 (8th Cir. 2011). As we have explained, the questions must capture "the impairments . . . *accepted as true* by the" administrative law judge. *House v. Shalala*, 34 F.3d 691, 694 (8th Cir. 1994) (emphasis added) (citation omitted). Here, they did.

The judgment is accordingly affirmed.

_____