# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2082

_____

Christina L. Rivers,                        *
                                            *
            Appellant,                      *    Appeal from the United States
                                            *    District Court for the Southern
    v.                                      *    District of Iowa.
                                            *
Michael J. Astrue,                          *    [UNPUBLISHED]
Commissioner of Social Security,            *
                                            *
            Appellee.                       *

_____

Submitted: March 1, 2010
Filed: March 9, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Christina L. Rivers appeals the district court's[1] order affirming the denial of disability insurance benefits. Rivers's bases for her disability application included seizures, posttraumatic stress disorder, anxiety, sleep apnea, fibromyalgia, depression, and migraines. After a March 2006 hearing, an administrative law judge (ALJ) determined that (1) Rivers met the insured-status requirements through December 31, 2007; (2) her severe impairments--fibromyalgia, pseudoseizures, allergies, major

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

depression, anxiety, and personality disorder--did not, alone or combined, meet or medically equal the requirements of any relevant listing; (3) her subjective complaints were not entirely credible; and (4) while her residual functional capacity (RFC) precluded her past relevant work, based on the testimony of a vocational expert in response to the ALJ's hypothetical, there were certain other jobs existing in substantial numbers that Rivers could perform. The Appeals Council denied review, and the district court affirmed. Having conducted de novo review, we affirm. See McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010) (affirmance is warranted where ALJ's decision is supported by substantial evidence on record as whole even if inconsistent conclusions may be drawn from evidence or reviewing court might have reached different outcome).

The ALJ's credibility determination was based on multiple valid reasons--many of which Rivers does not challenge on appeal--and thus we defer to the ALJ's assessment of Rivers's credibility. See Juszczyk v. Astrue, 542 F.3d 626, 632 (8th Cir. 2008). We also find that the ALJ adequately explained his reasons for discounting the opinions of various treating physicians and other health care practitioners as to Rivers's physical and mental RFC, see Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (ALJ may elect in certain circumstances not to give controlling weight to treating physician's opinion, as record must be evaluated as whole; for treating physician's opinion to have controlling weight, it must be supported by medically acceptable diagnostic techniques and not be inconsistent with other substantial evidence of record; physician's own inconsistency may diminish or eliminate weight accorded to his opinion); and that the ALJ's RFC determination is supported by substantial evidence, see Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (in determining RFC, ALJ must evaluate claimant's credibility and take into account all relevant evidence, including medical records, and observations of treating physicians and others). Accordingly, we affirm.

_____