# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3408

_____

Stephen A. Marino,                      *
                                        *
                  Appellant,            *
                                        *    Appeal from the United States
         v.                             *    District Court for the Eastern
                                        *    District of Missouri.
Michael J. Astrue,                      *
Commissioner of Social Security,        *    [UNPUBLISHED]
                                        *
                  Appellee.             *

_____

Submitted: April 7, 2010
Filed: April 30, 2010

_____

Before RILEY, Chief Judge, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Stephen A. Marino appeals following the district court's[1] order affirming the denial of disability insurance benefits (DIB) and supplemental security income (SSI) for the period from February 1999 to August 2004 (arising from a 1999 application); and reversing and remanding for further consideration of his 2005 SSI application.

_____

[1]The Honorable Audrey G. Fleissig, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

To the extent Marino has properly raised any issues for review concerning his entitlement to DIB and SSI from February 1999 to August 2004, see Meyers v. Starke, 420 F.3d 738, 743 (8th Cir. 2005) (failure to present issues with some specificity can result in waiver), we agree with the district court that the ALJ's opinion is supported by substantial evidence on the record as a whole, see McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010) (standard of review). We decline to consider appellee's challenge to the district court's determination that reversal was warranted for further consideration of Marino's 2005 SSI application, because appellee did not file a cross-appeal. See Smith v. Sullivan, 982 F.2d 308, 314 (8th Cir. 1992) (where appellee fails to file cross-appeal, he is prohibited from attempting to enlarge his rights or lessen his adversary's rights). Accordingly, we affirm. See 8th Cir. R. 47B.

_____