# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1431

_____

Jimmy D. Reynolds,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant,　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the Western
　　　　　　　　　　　　　　　　　　*　District of Arkansas.
Michael J. Astrue, Commissioner,　　*
Social Security Administration,　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee.　　　　　　　*

_____

Submitted:  August 6, 2010
Filed: August 18, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jimmy D. Reynolds appeals the district court's[1] order affirming the denial of disability insurance benefits and supplement security income.  Reynolds alleged disability since April 1996 from scoliosis, a shoulder problem, a history of heart attack, and a prior left-hand amputation.  After a hearing, where Reynolds was counseled, an administrative law judge (ALJ) found that (1) Reynolds's severe

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

impairments--below-elbow amputation of his left arm, history of heart attack, hypertension, low-back pain, and right shoulder degenerative joint disease--did not alone or combined meet or medically equal the requirements of any listing; (2) his subjective complaints were not fully credible; (3) he had the residual functional capacity (RFC) to perform less than the full range of light work; and (4) while his RFC precluded his past relevant work, he could perform other jobs a vocational expert (VE) identified in response to the ALJ's hypothetical. The Appeals Council denied review, and the district court affirmed. We agree with the district court that the ALJ's decision is supported by substantial evidence on the record as a whole and should be affirmed. See McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010) (standard of review).

Specifically, we find that the ALJ's credibility determination is entitled to deference. See Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010). We also conclude that the ALJ's RFC determination, and thus his hypothetical to the VE, were proper. See Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005) (in determining RFC, ALJ must first evaluate claimant's credibility and then take into account all relevant evidence, including medical records, and observations of treating physicians and others); Stormo v. Barnhart, 377 F.3d 801, 808-09 (8th Cir. 2004) (hypothetical is sufficient if it includes impairments supported by substantial evidence and accepted as true by ALJ). We further find no merit to Reynolds's arguments concerning the listings, see Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting conclusory assertions that ALJ failed to consider whether claimant met certain listings); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004) (burden is on claimant to establish impairment meets or equals all listing criteria); or concerning the ALJ's failure to develop the record, see Halverson, 600 F.3d at 933 (ALJ need order more medical examinations and tests only if medical records presented to him contain insufficient evidence to determine if claimant is disabled). Accordingly, we affirm.

_____