# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1927
_____

Sherry Despain

*Plaintiff - Appellant*

v.

Nancy A. Berryhill,[1] Acting Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: January 17, 2019
Filed: June 14, 2019

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

_____

[1]Nancy A. Berryhill has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Sherry Despain appeals the district court's[2] judgment that the Social Security Administration ("SSA") Commissioner's decision to deny her disability benefits was supported by substantial evidence. We affirm.

## I. Background

Despain is a 52-year old woman from Harrisburg, Arkansas, who previously worked as a packaging machine operator at Frito-Lay. She suffered from chronic pain and obesity. In 2015, some back spasms and other pain conditions kept her away from work long enough that she exhausted her permitted absences under the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654. Because she knew she was no longer capable of working her old job, she resigned. She did not apply for any new jobs.

In June 2015, Despain applied for disability benefits, alleging disability beginning on May 4, 2015. After the SSA denied her claim initially and on reconsideration, she requested a hearing before an administrative law judge ("ALJ").

The ALJ found Despain had six severe impairments: obesity, osteoarthritis of both knees, degenerative disc disease of the lumbar spine, pes planus (flat feet), anxiety, and depression. The ALJ also found none of those impairments individually nor the combination of them were severe enough to satisfy the criteria for disability benefits under SSA regulations.

The ALJ then determined Despain had the residual functional capacity ("RFC") to perform light work with some limitations. She would "need to sit or stand at will"

---

[2]The Honorable Beth M. Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

and be limited to work (1) "with no climbing of ladders, ropes, or scaffolds, and no balancing requirements," (2) with only "occasional climbing of ramps and stairs, stooping, kneeling, crouching, and crawling," and (3) "where no lower extremity foot control operation is necessary." She also would be "limited to unskilled, simple, routine, and repetitive job tasks, where the supervision is simple, direct, and concrete, consistent with specific vocational preparation (SVP) 1 or 2 jobs that could be learned within thirty days."

Although Despain could not perform her past relevant work under this RFC, testimony from a vocational expert indicated jobs with her RFC are available in the United States economy. Based on that testimony, the ALJ found Despain was not under a disability as defined by the Social Security Act.

The Social Security Appeals Council denied Despain's petition for review, making the ALJ's decision the Commissioner's final administrative decision. Despain filed a complaint in the Eastern District of Arkansas seeking review. The district court affirmed the Commissioner's decision, and Despain timely appealed.

## II. Standard of Review

We review de novo the district court's decision affirming the denial of social security benefits and will affirm "if the Commissioner's decision is supported by . . . substantial evidence on the record as a whole." *Ash v. Colvin*, 812 F.3d 686, 689 (8th Cir. 2016) (quoting *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). If the record supports two inconsistent conclusions, this court must affirm the Commissioner's choice among those two conclusions. *Id.* at 689–90.

## III. Analysis

On appeal, Despain solely challenges the ALJ's determination of her RFC. As the claimant, she bears the burden of proof to establish her RFC. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005). She argues the Commissioner gave inadequate deference to her treating physician's opinion and the RFC is unsupported by the record.

"The opinion of a treating physician is accorded special deference under the social security regulations" and is "normally entitled to great weight." *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012–13 (8th Cir. 2000)).[3] "[A] treating physician's opinion 'should be granted controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015) (quoting *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000)). However, a treating physician's opinion as to whether a patient is disabled or unable to work is not dispositive because these are "issues reserved to the Commissioner and are not the type of opinions which receive controlling weight." *Vossen*, 612 F.3d at 1015; *accord Cox v. Astrue*, 495 F.3d 614, 619–20 (8th Cir. 2007) ("Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.").

In May 2016, Despain's treating physician, Dr. Michael Crawley, completed a "Medical Source Statement-Physical" regarding Despain's ongoing pain in her

---

[3]We note the SSA recently issued rules regarding treating physicians. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017); *see also* 82 Fed. Reg. 15132 (Mar. 27, 2017) (amending and correcting the rules). Because the ALJ order in Despain's case predates the new rules, we do not address them.

back, hips, and knees. The boxes he checked on the form essentially indicated seven conclusions imposing limitations on Despain. First, she could lift and carry ten pounds maximum for 1/3 to 2/3 of an eight-hour day. Second, she could stand for about three hours per eight-hour day and sit about two hours per eight-hour day. Third, she would need frequent rest periods and longer-than-normal breaks but would not need the opportunity to shift at will from a sitting or standing position. Fourth, she would not have the physical stamina to complete a normal work day or week, let alone maintain an ordinary work routine or a full-time work schedule. Fifth, she could reach in all directions and manipulate objects for 2/3 of an eight-hour work day. Sixth, she would suffer a decreased ability to concentrate and persist in a job setting due to her medications. Seventh, her impairments would cause her to be absent from work about three days per month. Dr. Crawley left the portion of the form blank that asked for the medical findings supporting the limitations.

Because Dr. Crawley's opinion in this case is conclusory, the ALJ correctly examined the underlying medical record to determine whether it supported his conclusion. A conclusory report from a treating physician may still be entitled to controlling weight if it is accurate when viewed in the context of the medical record. *See Cox v. Barnhart*, 345 F.3d 606, 609 (8th Cir. 2003). An ALJ properly discredits such a report, though, if it is unsupported by the medical record. *See Stormo v. Barnhart*, 377 F.3d 801, 805–06 (8th Cir. 2004).

The record indicates significant sources of pain and Dr. Crawley's familiarity with the pain because he served as Despain's primary care physician since February 2014 and had treated her on more than a dozen occasions. As the ALJ noted, medical records from before her alleged onset of disability show complaints of back, foot, and knee pain over time; obesity; and diagnoses of lumbar strain, osteoarthritis of the knees, and pes planus. After her alleged onset of disability, medical records from Dr. Crawley and other treating physicians showed continuing back, foot, and knee pain, and one abnormal reflex, but they also showed no resulting limit to her range of

motion. A lumbar spine MRI indicated mild degenerative changes, mild disc bulging, neuroforaminal narrowing (reduced opening of the spinal canal), and a small herniation. The record is mixed on whether her doctors recommended surgery for any of these spinal issues. Despain's physical therapy records also indicate she was able to tolerate therapy without increased pain, even if the record is mixed about the success of physical therapy.

Like the ALJ, we do not believe these records adequately support the limitations Dr. Crawley stated in 2016. The records of continued pain do not support limitations beyond those the ALJ applied or otherwise render Despain completely unable to perform light work. Thus, because the ALJ discredited the conclusory report to the extent it went beyond the submitted records, the ALJ's consideration of the treating physician's opinion was appropriate.

Beyond the issue of the ALJ's deference to Dr. Crawley, Despain argues the evidence does not support a conclusion that she "can meet the demands of light work by sitting, standing, or walking for a full eight-hour day, five days a week." In assessing Despain's RFC, the ALJ considered Dr. Crawley's treatment notes, other physicians' notes, Despain's treatment, her daily activities, and the opinions of the state agency medical consultants who found Despain had the RFC to perform light work with postural limits. Then, the ALJ placed several restrictions on light work that accounted for her proven limitations. While Despain correctly notes the record is mixed on whether she declined back surgery rather than being advised it was not needed, even presuming that fact in her favor does not alter the ALJ's main conclusion about Despain's pain continuing at a level that could be accommodated with work restrictions. Nothing in the record proves her pain exceeded the amount acknowledged in the RFC limitations. Accordingly, the ALJ's conclusion Despain did not meet her burden to prove a more restricted RFC is supported by substantial evidence.

## IV. Conclusion

We affirm the judgment of the district court that the Commissioner's decision to deny disability benefits was supported by substantial evidence.

_____