# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2044

———————————————

Richard L. Merold, Jr.

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner, Social Security

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

——————————

Submitted: March 23, 2020
Filed: April 2, 2020
[Unpublished]

——————————

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Richard Merold appeals the district court's[1] orders affirming the denial of disability insurance benefits and supplemental security income, and denying

———————————————

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

appointment of counsel. After careful consideration of Merold's arguments for reversal, we agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Swink v. Saul, 931 F.3d 765, 769 (8th Cir. 2019) (de novo review of district court's judgment; Commissioner's decision will be upheld if it is supported by substantial evidence in record as whole). Specifically, substantial evidence supports the administrative law judge's (ALJ's) residual functional capacity (RFC) finding, and his conclusion--based on the vocational expert's testimony--that Merold was not disabled. See Despain v. Berryhill, 926 F.3d 1024, 1028-29 (8th Cir. 2019) (substantial evidence supported RFC finding based on providers' notes, medical consultants' opinions, and claimant's treatment and daily activities); Johnson v. Astrue, 627 F.3d 316, 320-21 (8th Cir. 2010) (where medical evidence supported RFC determination, hypothetical question using those limitations was acceptable, and ALJ's finding that claimant was not disabled was supported by substantial evidence).

We also find that the post-hearing evidence Merold submitted is not material to the period at issue. See Hepp v. Astrue, 511 F.3d 798, 808 (8th Cir. 2008) (new evidence is material if it is probative of claimant's condition for period at issue). Finally, we find no merit to Merold's contention that the ALJ was biased against him, see Perkins v. Astrue, 648 F.3d 892, 903 (8th Cir. 2011) (claimant must show that ALJ's behavior displayed clear inability to render fair judgment); and we conclude that the district court did not abuse its discretion in denying his motion for counsel, see Patterson v. Kelley, 902 F.3d 845, 849-50 (8th Cir. 2018) (standard of review; there is no constitutional or statutory right to appointed counsel in civil cases).

The judgment is affirmed.

_____