# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2704

_____

Lance LaFevers

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: March 2, 2022
Filed: March 9, 2022
[Unpublished]

_____

Before BENTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Lance LaFevers appeals the district court's[1] order affirming the denial of disability insurance benefits. We conclude that the Commissioner's decision is

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

supported by substantial evidence in the record as a whole. See Kraus v. Saul, 988 F.3d 1019, 1023-24 (8th Cir. 2021) (standard of review). Specifically, the administrative law judge (ALJ) properly considered the opinion of LaFevers's treating physician, and LaFevers's subjective complaints. See Anderson v. Astrue, 696 F.3d 790, 794 (8th Cir. 2012) (ALJ properly discounted physician's conclusory, checkbox opinion, as it set forth significant limitations that were not reflected in medical records and that were inconsistent with claimant's daily activities); Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005) (ALJ properly found claimant's daily activities, including caring for special needs child, cooking, doing housework, and paying bills, were inconsistent with alleged disability). Further, the evidence supported the ALJ's determination of LaFevers's residual functional capacity (RFC), see Despain v. Berryhill, 926 F.3d 1024, 1028-29 (8th Cir. 2019) (substantial evidence supported RFC finding based on treating and other providers' notes, state agency consultants' opinions, and claimant's treatment and daily activities); Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) (ALJ did not err by declining to include in RFC limitations based on claimant's allegations that he found not credible, or limitations from physicians' opinions he properly disregarded); and the ALJ's determination that LaFevers did not have a medically determinable impairment affecting his hands, see 20 C.F.R. § 404.1521 (impairment must be established by objective medical evidence from acceptable medical source).

The judgment is affirmed.

_____