# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1277
_____

Nellie A. Baldridge

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern

_____

Submitted: August 2, 3033
Filed: August 5, 2022
[Unpublished]

_____

Before GRUENDER, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Nellie Baldridge appeals the district court's[1] order affirming the denial of disability insurance benefits. We agree with the district court that substantial evidence in the record as a whole supports the adverse decision. See Schwandt v. Berryhill, 926 F.3d 1004, 1008 (8th Cir. 2019) (standard of review).

We find that the administrative law judge (ALJ) adequately considered whether Baldridge's migraines medically equaled listing 11.02, see Vance v. Berryhill, 860 F.3d 1114, 1118 (8th Cir. 2017) (ALJ's failure to address specific listing or to elaborate on conclusion that claimant's impairments do not meet listings is not reversible error if record supports conclusion). We also find that the ALJ properly determined Baldridge's residual functional capacity (RFC). Specifically, the ALJ properly discounted Baldridge's subjective complaints, see Bryant v. Colvin, 861 F.3d 779, 782-83 (8th Cir. 2017) (ALJ properly considered claimant's daily activities and history of working with condition in discounting complaints); Milam v. Colvin, 794 F.3d 978, 985 (8th Cir. 2015) (ALJ properly considered plaintiff's conservative treatment in discrediting complaints), and her treating physician's opinions, see Julin v. Colvin, 826 F.3d 1082, 1089 (8th Cir. 2016) (where ALJ did not credit claimant's allegations, he was entitled to discount physician's opinions that relied on those allegations); McCoy v. Astrue, 648 F.3d 605, 615 (8th Cir. 2011) (ALJ may discredit physician's opinion because opinion was not based on all relevant medical evidence); and substantial evidence supported the RFC determination, see Despain v. Berryhill, 926 F.3d 1024, 1028-29 (8th Cir. 2019) (ALJ's evaluation of treatment notes, claimant's course of treatment, claimant's daily activities, and consultant's opinions constituted substantial evidence supporting RFC determination); Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) (ALJ did not err by declining to include in RFC

---

[1]The Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

limitations based on claimant's allegations that he found not credible, or limitations from physicians' opinions he properly disregarded).

The judgment is affirmed.

_____