# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3315
_____

Erica Michele Hart

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: May 1, 2023
Filed: May 4, 2023
[Unpublished]
_____

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Erica Hart appeals the district court's[1] order affirming the denial of supplemental security income.  We agree with the district court that substantial evidence in the record as a whole supports the adverse decision.  See Kraus v. Saul, 988 F.3d 1019, 1023-24 (8th Cir. 2021) (standard of review).

Specifically, we find that the administrative law judge (ALJ) properly evaluated Hart's subjective complaints, and that substantial evidence supported the ALJ's residual functional capacity (RFC) determination.  See Despain v. Berryhill, 926 F.3d 1024, 1028-29 (8th Cir. 2019) (substantial evidence supported RFC finding based on providers' notes, medical consultants' opinions, and claimant's treatment); Halverson v. Astrue, 600 F.3d 922, 931 (8th Cir. 2010) (absence of objective medical evidence to support subjective complaints is proper factor to consider); Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) (evidence of effective treatment relieving symptoms, and of failure to follow recommended treatment, diminishes credibility of subjective complaints).  We find no merit to Hart's arguments that the ALJ was required to identify specific jobs she could obtain when finding that she could do other work, or that the ALJ and the district court were biased against her.  See Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute valid basis for finding of bias); McMillian v. Schweiker, 697 F.2d 215, 221 (8th Cir. 1983) (while Commissioner has burden of proving there is some other type of substantial gainful employment that claimant can perform, Commissioner need not find specific job opening for claimant).  Contrary to Hart's assertion, we note that the Commissioner provided a complete transcript of the administrative record--including the ALJ hearing--for the district court's review, as required by 42 U.S.C. § 405(g).

The judgment is affirmed.

_____

[1]The Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).