# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-1808

_____

Steve Nicoski

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: August 31, 2023
Filed: September 14, 2023
[Unpublished]

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Steve Nicoski appeals the district court's[1] order affirming the denial of disability insurance benefits. We agree with the court that substantial evidence in the

_____

[1]The Honorable Dulce J. Foster, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

record as a whole supports the adverse decision.  See Swarthout v. Kijakazi, 35 F.4th 608, 610 (8th Cir. 2022) (standard of review).

Specifically, we find that the administrative law judge (ALJ) properly considered Nicoski's subjective complaints, including those regarding his chronic pain syndrome and chronic fatigue syndrome.  See id. at 612 (claimant's daily activities suggested she was not as limited as alleged); Pierce v. Kijakazi, 22 F.4th 769, 773 (8th Cir. 2022) (ALJ properly considered claimant's treatment history and sporadic work record in discounting his testimony).  We also find that substantial evidence supports the ALJ's determination of Nicoski's residual functional capacity (RFC).  See Despain v. Berryhill, 926 F.3d 1024, 1028-29 (8th Cir. 2019) (substantial evidence supported RFC finding based on providers' notes, medical consultants' opinions, and claimant's treatment).  Finally, we find no abuse of discretion in declining to remand the case for consideration of the new evidence Nicoski submitted to the district court, as that evidence was not new and material, or Nicoski did not provide good cause for failing to submit it to the ALJ.  See 42 U.S.C. § 405(g) (court may order new evidence taken before Commissioner only upon showing that there is new and material evidence, and that there is good cause for failure to incorporate such evidence into record in prior proceeding); Whitman v. Colvin, 762 F.3d 701, 710 (8th Cir. 2014) (no abuse of discretion in declining to remand based on new evidence; even assuming that evidence was material, non-cumulative, and related to period at issue, claimant failed to show good cause for not providing it before ALJ hearing).

The judgment is affirmed.

_____