# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2287
_____

D.S.

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: November 27, 2023
Filed: November 30, 2023
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

D.S. appeals the district court's[1] order affirming the denial of disabled child's insurance benefits. We agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Swarthout v. Kijakazi, 35 F.4th 608, 610 (8th Cir. 2022) (standard of review).

Specifically, we find that the administrative law judge (ALJ) properly evaluated the opinion evidence and D.S.'s subjective complaints. See Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (ALJ was entitled to discount physician's opinion where it was inconsistent with other evidence and was written after insured period expired); Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ did not err in discrediting complaints based on lack of objective medical evidence, conservative treatment history, inconsistencies between complaints and daily activities, and work activity). We also find that substantial evidence supports the ALJ's determination of D.S.'s residual functional capacity (RFC). See Despain v. Berryhill, 926 F.3d 1024, 1028-29 (8th Cir. 2019) (ALJ's consideration of treatment notes, course of treatment, daily activities, and consultants' opinions constituted substantial evidence supporting RFC determination); Julin v. Colvin, 826 F.3d 1082, 1089 (8th Cir. 2016) (ALJ permissibly excluded greater limitations from RFC after finding record was not consistent with degree of symptoms alleged).

We find no merit to D.S.'s contentions that the ALJ failed to fully develop the record, or failed to consider all of the medical evidence. See Kamann v. Colvin, 721 F.3d 945, 950 (8th Cir. 2013) (ALJ may make decision without obtaining additional medical evidence so long as other evidence in record provides sufficient basis for decision); Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (ALJ is not required to discuss every piece of evidence, and failure to cite specific evidence did not indicate

[1]The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Leo I. Brisbois, United States Magistrate Judge for the District of Minnesota.

it was not considered). As substantial evidence supported the ALJ's RFC determination, substantial evidence also supported the ALJ's conclusion, based on the vocational expert's testimony, that D.S. was not disabled. See Johnson v. Astrue, 627 F.3d 316, 320-21 (8th Cir. 2010) (where medical evidence supported limitations in RFC determination, hypothetical question to vocational expert using those limitations was acceptable, and substantial evidence supported finding that claimant was not disabled).

Finally, we find the district court did not abuse its discretion in declining to remand the case for consideration of the new evidence D.S. submitted, as that evidence was not new and material. See 42 U.S.C. § 405(g) (court may order new evidence taken before Commissioner only upon showing that there is new and material evidence, and that there is good cause for failure to incorporate such evidence into record in prior proceeding); Whitman v. Colvin, 762 F.3d 701, 708 (8th Cir. 2014) (standard of review). We also deny the motion to supplement the record on appeal.

The judgment is affirmed.

_____